

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Steven M. Richard**
*Partner*
T 401-454-1020
srichard@nixonpeabody.com

One Citizens Plaza, Suite 500
Providence, RI  02903-1345
401-454-1000

*VIA CM/ECF*

October 4, 2019

Honorable John J. McConnell, Jr.
United States District Court
One Exchange Terrace
Providence, RI 02903

**RE:  John Doe v. Johnson & Wales University,
        C.A. No. 18-106-JJM-LDA**

Dear Judge McConnell:

Defendant Johnson & Wales University ("JWU") submits a supplemental legal authority in support of its motion for summary judgment, to be argued on the rescheduled hearing date of October 31, 2019. JWU attaches the dispositive ruling recently entered in *John Doe v. Vanderbilt University, et al.*, Civ. A. No. 3:18-cv-00569 (M.D. Tenn. Sept. 30, 2019), which granted the university's motion to dismiss the plaintiff's complaint. As matters of law, the court rejected Title IX erroneous outcome and contractual contentions substantially similar to those asserted by John Doe in this litigation. The court upheld a disciplinary process based upon Vanderbilt University's investigative findings that were made without a hearing, unlike JWU's process in this case, where JWU afforded John Doe a hearing—at which he was free to bring witnesses and submit evidence—after the investigation.

**Title IX Erroneous Outcome**

- The court rejected the plaintiff's argument, which John Doe asserts here, that gender discrimination can be inferred because most respondents are male. Relying on the First Circuit's ruling in *Doe v. Trustees of Boston College*, the court held that absent specific proof to the contrary, "[t]he gender of [] students accused of sexual assault is the result of what is reported to [the university], and not the other way around." P. 16 (quoting 892 F.3d 67, 92 (1st Cir. 2018)).

- The plaintiff also contended that "an acquittal of an accused male carries the threat that the Department of Education's Office for Civil Rights *could* institute an investigation that would result in the University's loss of federal funding." P. 18 (italics in opinion). John Doe makes a similar claim in his summary judgment

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

opposition, contending that JWU conducted its disciplinary process against the
"backdrop" of Office for Civil Rights' Dear Colleague Letter dated April 4, 2011.
The Tennessee federal district court held that such blanket contentions cannot
support any reasonable inference of gender bias. Specifically, the court stated:
"[I]t is not reasonable to infer that [a university] has a practice of railroading
students accused of sexual misconduct simply to appease the Department of
Education and preserve its federal funding." P. 18 (quoting *Doe v. Univ. of Cinn.*,
173 F. Supp. 3d 586, 602 (S.D. Ohio 2016)).

**Breach of Contract and Implied Covenant Claims**

- The plaintiff asserted several breaches of his contractual relationship with
  Vanderbilt concerning the university's investigation and disciplinary action under
  its policy, which the court rejected entirely. Pp. 24-34. As one of his claims, the
  plaintiff alleged that Vanderbilt failed to conduct an appropriate investigation
  (which John Doe similarly asserts against JWU here). The court held that
  Vanderbilt's policy contained no specific requirements as to how the investigative
  process must utilize, evaluate, and accept or reject testimony or evidence. *Id.* at p.
  26. Instead, the university's policy "only requires that an investigation be
  conducted in the broadest sense." *Id.* Although the plaintiff disagreed with the
  process and result of the investigation, the court held that such disagreement alone
  could not support a breach of contract claim. *Id.* at pp. 27-28 (citing several cases
  including *Doe v. The Trustees of the Univ. of Pa.*, 270 F. Supp. 3d 799, 813 (E.D.
  Pa. 2017) (concluding that the promise of a "thorough and fair investigation" did
  not impose any additional requirements other than those specifically set forth in
  the student disciplinary process)).

- Much as here, the plaintiff complained: (1) that it was "absurd" to think he could
  defend himself and complained that, although an advisor was allowed, the advisor
  was not allowed to speak on behalf of the plaintiff; (2) that the university denied
  him the right to cross-examine any witnesses, including the complainant; and (3)
  that the evidence against him was insufficient. Pp. 28-33. The court rejected each
  claim, the first two claims because the applicable handbook did not provide for the
  rights the plaintiff claimed he should have been provided, and the last claim
  because it was not cognizable absent a procedural deviation, which the plaintiff
  had failed to identify. *Id.*

- The plaintiff also asserted a breach of Vanderbilt's "promise of fundamental
  fairness" in its policy and the implied covenant of good faith and fair dealing,
  which are similar to "fairness" claims asserted by John Doe here. Pp. 33-34.
  Rejecting the plaintiff's arguments, the court held that the duty of fairness "can be
  met by complying with the terms of the Handbook generally, and the disciplinary
  process in [Vanderbilt's sexual misconduct policy] specifically, that are designed
  to be fair." *Id.* at p. 34 (citing *ZJ v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 699

Honorable John J. McConnell, Jr.
October 4, 2019
Page 3

**NIXON PEABODY LLP**
**ATTORNEYS AT LAW**

**NIXONPEABODY.COM**
**@NIXONPEABODYLLP**

(M.D. Tenn. 2018).   Namely, the plaintiff could only base his "fairness" claim upon the specific procedures stated in the policy and could not seek to impose requirements beyond its terms.  *Id.* (citing *The Trustees of the Univ. of Pa.*, 270 F. Supp. 3d at 812) (finding generic promise of "fairness" does not give rise to "fairness" procedural obligations independent of specific provisions in university's disciplinary procedures, which themselves describe procedures designed to be fair).

JWU requests that the Court review this supplemental authority as part of its adjudication of the pending motion for summary judgment.

Sincerely,

Steven M. Richard

SMR/crp
cc:     James Ehrhard, Esq.