

**NIXON PEABODY LLP**
**ATTORNEYS AT LAW**

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Steven M. Richard**
*Partner*
T 401-454-1020
srichard@nixonpeabody.com

One Citizens Plaza, Suite 500
Providence, RI 02903-1345
401-454-1000

*VIA CM/ECF*

November 25, 2019

Honorable Mary S. McElroy
United States District Court
One Exchange Terrace
Providence, RI 02903

RE: **John Doe v. Johnson & Wales University**,
     C.A. No. 18-106-MSM-LDA

Dear Judge McElroy:

    Defendant Johnson & Wales University ("JWU") submits a supplemental authority in support of its motion for summary judgment, argued on October 31, 2019. JWU refers the Court to the First Circuit's ruling in *John Doe v. Trustees of Boston College,* No. 19-1871 (1st Cir. Nov. 20, 2019), which further supports entry of summary judgment in favor of JWU.

    Vacating a preliminary injunction reinstating a suspended student, the First Circuit ruled the district court erroneously imported federal due process requirements into a contract between a student and a private school; it held that a private school need only comply with the applicable contract with the student, as construed under applicable state law. The First Circuit's ruling controls the Court's review of JWU's summary judgment motion in at least four respects, discussed below.

### 1. Federal Due Process Concerns Do Not Apply To A Private School's Student Discipline Procedures; The Procedures That Apply Are A Matter Of Contract Under Applicable State Law.

    The First Circuit held that "[i]t is quite clear, and the parties do not dispute that federal due process law does not dictate to states the procedures that private colleges must follow in administering student discipline." Slip. Op. at 2. Instead, the applicable procedures are a matter of contract between the student and the private school; the student is entitled only to the procedures set forth in that contract, as construed under state law, not those federal due process might require. *Id.*

Honorable Mary S. McElroy
November 25, 2019
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

In his memorandum and oral argument opposing JWU's summary judgment motion, Plaintiff relied on federal due process case law pertaining to public universities, in both his Title IX and contract contentions.[1] As *Boston College* holds, Plaintiff's efforts to import into JWU's contractual disciplinary process (or, for that matter, Title IX) the requirements of federal due process fail as matter of law.

### 2. In Ascertaining Reasonable Expectations, The Court Must Focus Exclusively On The Express Contractual Promises.

In *Boston College*, the plaintiff argued the college's disciplinary procedures should have included a "quasi-cross-examination [right for both the accused and accusing students] in real time." Slip Op. at 11. Applying Massachusetts law, the First Circuit noted that

> [n]othing in the contract provides any basis for the expectation [that cross-examination would be allowed]. Indeed, the contract procedures explicitly do not provide any such opportunity. Given the Policy's [i.e., contract's] plain description of BC's investigation process, Doe could not have reasonably expected to be allowed quasi-cross-examination in real time.

*Id.* at 11-12.

Like Massachusetts law, Rhode Island law construes educational contracts "in accordance with the parties' reasonable expectations, giving those terms the meaning that the university reasonably should expect the student to take from them." *John Doe v. Brown University*, 210 F. Supp. 3d 310, 330 (D.R.I. 2016) (internal quotations omitted); *compare* Slip Op. at 11 (noting that Massachusetts law "looks to the terms of the contract established between the college and the student and asks whether the reasonable expectations of the parties have been met" (citations omitted)). As in *Boston College*, Plaintiff here could not have had any reasonable expectation that the university would provide him the purported rights he invokes in his complaint, including: (1) a written copy of the complaint to take home with him, (2) cross-examination rights, (3) the ability to question witness, or (4) subpoena power.[2] This is because the applicable contract—i.e., JWU's Conduct Review Process—does not provide for any such rights. Under *Boston College*, that ends the matter.

---

[1] Pl. Op. Mem. (Doc. 62) at 2-3 n.3 (citing cases against public universities); Tr. of 10/31/19 Hrg. (Doc No. 70) at 64 (arguing that "*Haidak* [*v. University of Massachusetts-Amherst*, 933 F.3d 56 (1st Cir. 2019), which involves a case against a public university,] . . . does lend insight and deeply supports our breach of contract claim").
[2] Pl. Op. Mem. at 22.

4826-0605-5598.1

Honorable Mary S. McElroy
November 25, 2019
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

### 3. The First Circuit Has Established A Mandate For Federal Restraint And Against Novel Expansions Of State Law.

In *Boston College*, the plaintiff argued the First Circuit's analysis of federal due process in *Haidak v. University of Massachusetts-Amherst*, 933 F.3d 56 (1st Cir. 2019), leads to the conclusion that the requirement of quasi-cross-examination is inherent in the Massachusetts contractual requirement of "basic fairness."

The First Circuit rejected the plaintiff's contention as an improper attempt to have a federal court expand established state law governing private educational contracts. *Id.* at 16-18. As the First Circuit made clear, it is solely the province of a state court, not a federal court, to determine the scope of state law pertaining to private schools. "A litigant who chooses federal court over state court cannot expect [a federal court] to blaze new and unprecedented jurisprudential trails as to state law." Slip Op. at 17 (citations and internal quotations omitted). Rather, a federal court "must take state law as it finds it: 'not as it might conceivably be, some day; nor even as it should be.'" *Id.* (citations and internal quotations omitted).

Just as the plaintiff in *Boston College*, Plaintiff here relies on cases against public universities to try to expand his rights against a private university. *Boston College* forecloses such reliance. Plaintiff cannot seek to have the Court expand Rhode Island's established contract law, to impose federal due process requirements on private universities, which neither the Rhode Island Supreme Court nor the Rhode Island General Assembly has permitted. As the First Circuit held in *Boston College*, federal courts must "give particular respect to state regulation of education, an area in which 'our lack of specialized knowledge and experience counsels against premature interference with the informed judgments made at the state and local levels.'" *Id.* at 17-18 (citation omitted).

### 4. The Court Should Decline To Rewrite A Private University's Student Disciplinary Procedures.

The First Circuit in *Boston College* reiterated that a court must give considerable respect and deference to a private academic institution's choices regarding its matters of student discipline. Slip Op. at 16 ("Massachusetts law permits colleges and university's flexibility to adopt diverse approaches to student discipline matters that do not meet federal due process requirements."). The First Circuit's cautionary language accords with the approach of the District of Rhode Island. *See Brown Univ.*, 310 F. Supp. at 331 ("To be perfectly clear, a student is not entitled to a perfect disciplinary process, and it is not the Court's role to be an appeals court for [a university's] disciplinary decisions."); *id.* at 339 n.16 & 340 n.17 (declining to obligate the university to impose additional process into its disciplinary proceedings). In Rhode Island, "the rules set out in a university's handbook are "enforceable as long as [they are] not against public policy or law." *Id.* at 331 (internal quotations omitted; alternation in original). Plaintiff's opposition improperly requests a judicial rewriting of JWU's Conduct Review Process of the sort the First Circuit has expressly rejected.

Honorable Mary S. McElroy
November 25, 2019
Page 4

**NIXON PEABODY LLP**
**ATTORNEYS AT LAW**

NIXONPEABODY.COM
@NIXONPEABODYLLP

\* \* \*

Given that the First Circuit published *Boston College*, a binding authority, after the submission of JWU's briefs and oral argument, JWU respectfully requests the Court consider the First Circuit's ruling in its adjudication of JWU's summary judgment motion.

Sincerely,

*/s/ Steven M. Richard*

Steven M. Richard

SMR/crp
cc:   James Ehrhard, Esq.

4826-0605-5598.1